UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES EDWARD BUHL, JR., | ) |
| | ) |
|     *Plaintiff*, | ) |
| | )    No.: 3:13-cv-483-CCS |
| v. | ) |
| | ) |
| LT. BRENT ALLEN, et al., | ) |
| | ) |
|     *Defendants*. | ) |

## MEMORANDUM AND ORDER

This *pro se* civil rights action under 42 U.S.C. § 1983 is before the undersigned upon consent of the parties. The matter is scheduled for a jury trial on November 4, 2014. For the following reasons, the trial date is **CANCELLED**, the Anderson County Detention Facility is **DISMISSED** as a defendant, and the plaintiff is **ORDERED** to **SHOW CAUSE** why this case should not be dismissed as to the remaining defendants; plaintiff shall file his response to the show cause order on or before **October 30, 2014**. The Court will hold a hearing on plaintiff's response to the show cause order on the original trial date of **November 4, 2014, at 10:30 a.m.**

Plaintiff, who is no longer in custody, alleges that he was assaulted by three correctional officers during his confinement in the Anderson County Detention Facility. The defendants are Lt. Brent Allen, correctional officers Travis McKamey and Jason Wills, and the Anderson County Detention Facility itself. In reviewing this case for trial,

including a review of the parties' Pretrial Narrative Statements, the question has arisen regarding plaintiff's claims against the defendants and whether (a) a trial would even be appropriate (i.e., whether plaintiff could even legally prevail); (b) the complaint should be dismissed for failure to state a claim upon which relief may be granted; or (c) some amendment would be appropriate.

The Anderson County Detention Facility is not a suable entity within the meaning of 42 U.S.C. § 1983 and it should be **DISMISSED** as a defendant. *See De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Cage v. Kent County Corr. Facility*, 1997 WL 225647 at *1 (6th Cir. May 1, 1997) (unpublished opinion) ("jail facility named as a defendant was not an entity subject to suit under § 1983").

With respect to the correctional officers, plaintiff specifically noted in his complaint that they were being sued in their official capacity. [Doc. 1, Complaint, pp. 4-5]. He made no notation of whether they were also being sued in their individual capacity. [*Id*.]. "Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities." *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (internal citations omitted). *See also Shepherd v. Wellman*, 313 F.3d 963, 967-68 (6th Cir. 2002) ("Where no explicit statement appears in the pleadings, this Circuit uses a "course of proceedings" test to determine whether the § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable.") (citing *Moore v. Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc)).

A suit against a municipal officer in his official capacity is in fact a suit against the municipality itself. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 n.55 (1978). Given that, in order to prevail against the municipality, plaintiff must demonstrate that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by the municipality, in this case Anderson County, Tennessee. *Monell*, 436 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989). Plaintiff has not sued Anderson County, Tennessee, nor has he claimed that the alleged violation of his rights was the result of any policy or custom on the part of the Anderson County, Tennessee.

The Court is mindful, however, that a *pro se* complaint is to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Moreover, in *Bender v. Williamsport Area School District*, 475 U.S. 534 (1986), the Supreme Court made it clear that pleading labels do not control when the issue is the "capacity" of the defendants. A suit may be construed as filed against the defendants in their individual capacity when it is otherwise clear that the defendants were not acting in their official authority when they took the action for which they are being sued. *Ritchie v. Wickstrom*, 938 F.2d 689 (6th Cir. 1991). A correctional officer cannot generally be said to act in his official capacity when he assaults an inmate in violation of the Eighth Amendment. Thus, the question arises whether plaintiff's actual intent was to hold the correctional officers liable in their individual capacity, and/or whether plaintiff desires to or may amend his complaint.

3

Based upon the foregoing, the Anderson County Detention Facility must be, and hereby is, **DISMISSED** as a defendant. Plaintiff is **ORDERED** to **SHOW CAUSE**, on or before **October 30, 2014**, why his complaint should not be dismissed for failure to state a claim upon which relief be granted as to the remaining defendants. The undersigned will hold a hearing on the show cause order in his courtroom in the United States Courthouse, at Knoxville, Tennessee, on **November 4, 2014, at 10:30 a.m.** Both plaintiff and defense counsel are to attend this hearing. However, plaintiff must file a written response to this issue by **October 30, 2014**. In light of the show cause hearing, the trial of this matter is **CANCELLED**, subject to being reset pending the result of the show cause hearing.

IT IS SO ORDERED.

**E N T E R :**

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4

Case 3:13-cv-00483-CCS   Document 27   Filed 10/22/14   Page 4 of 4   PageID #: 73