# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JAMES EDWARD BUHL, JR., | ) |
| | ) |
|    *Plaintiff*, | ) |
| | ) No.: 3:13-cv-483-CCS |
| v. | ) |
| | ) |
| LT. BRENT ALLEN, et al., | ) |
| | ) |
|    *Defendants*. | ) |

## MEMORANDUM

This *pro se* civil rights action under 42 U.S.C. § 1983 is before the undersigned upon consent of the parties. For the following reasons, the complaint will be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted and for failure to prosecute.

Plaintiff, who is no longer in custody, alleges that he was assaulted by three correctional officers during his confinement in the Anderson County Detention Facility. The defendants named in the complaint are Lt. Brent Allen, correctional officers Travis McKamey and Jason Wills, and the Anderson County Detention Facility itself. In reviewing this case for trial, the Court determined that the Anderson County Detention Facility is not a suable entity within the meaning of 42 U.S.C. § 1983 and it was dismissed as a defendant. The question also arose whether the complaint failed to state a

claim upon which relief may be granted and should be dismissed as to the remaining defendants, for the reason that plaintiff had sued them in their official capacity only.

The Court noted that plaintiff had not sued Anderson County, Tennessee, nor had he claimed that the alleged violation of his rights was the result of any policy or custom on the part of the Anderson County, Tennessee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (suit against a municipal officer in his official capacity is in fact a suit against the municipality itself ); *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 n.55 (1978) (in order to prevail against a municipality, a plaintiff must demonstrate that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by the municipality).

The Court also noted that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and that in *Bender v. Williamsport Area School District*, 475 U.S. 534 (1986), the Supreme Court made it clear that pleading labels do not control when the issue is the "capacity" of the defendants. A suit may be construed as filed against the defendants in their individual capacity when it is otherwise clear that the defendants were not acting in their official authority when they took the action for which they are being sued. *Ritchie v. Wickstrom*, 938 F.2d 689 (6th Cir. 1991). A correctional officer cannot generally be said to act in his official capacity when he assaults an inmate in violation of the Eighth Amendment. Thus, the question arose whether plaintiff's actual intent was to hold the correctional officers liable in their individual capacity, and/or whether plaintiff desired to or might be allowed to amend his complaint.

Based upon the foregoing, the Court ordered plaintiff to show cause why his complaint should not be dismissed for failure to state a claim upon which relief may be granted as to the remaining defendants. Plaintiff was given a deadline for filing a written response to the show cause order. The Court also scheduled a hearing to be held on the show cause order. Plaintiff did not file a response to the show cause order nor did he appear at the show cause hearing. Defense counsel appeared at the show cause hearing and orally moved to dismiss the case for failure to prosecute. Plaintiff has left the Court with no other option than to dismiss this case.

Defendants' oral motion to dismiss the case will be **GRANTED**. Plaintiff's complaint will be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted and for failure to prosecute. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

IT IS SO ORDERED.

**E N T E R :**

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge